UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD ALVIN VAUGHN,<br>Petitioner | :<br>:<br>: |
| v. | : CASE NO. 1:16-CV-2488 |
| FRANKLIN COUNTY JAIL, *et al.*,<br>Respondents | :<br>:<br>: |

*M E M O R A N D U M*

*I.     Introduction*

Presently before the court is the report (Doc. 3) of Chief Magistrate Judge Susan E. Schwab recommending dismissal of a Section 2254 Petition for Writ of Habeas Corpus (Doc. 1). The petition was filed on behalf of Petitioner Richard Alvin Vaughn ("Vaughn") by Joshua A. Monighan ("Monighan"), who claims to have power of attorney for Vaughn. (Id. at 1, 14). The named respondents are the Franklin County Jail and the Attorney General of the State of Pennsylvania. (Id. at 1). Judge Schwab recommended that the instant petition for habeas corpus be dismissed. (Doc. 3 at 10). For the following reasons, the court agrees and will dismiss Vaughn's petition.

*II.    Background*

On December 16, 2016, Monighan filed a "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody." (Doc. 1). The petition was filed on behalf of Vaughn, who Monighan claimed was "incommunicado" and in "solitary" with "limited access/resources & information." (Id. at 14). Monighan also claims that he has

"power of attorney" for Vaughn, but provided no evidence or documentation to support this assertion.  (Id. at 1, 14).

      The habeas petition and attached declaration are difficult to decipher.  It appears that the habeas claim concerns both a 1999 state court conviction and judgment, as well as a pending 2016 state court criminal case that has yet to go to trial.  Judge Schwab took judicial notice of the Court of Common Pleas of Franklin County docket sheet for Vaughn and determined that the pending 2016 charges include corruption of minors, unlawful contact with a minor, indecent assault of a person less than 16 years of age, and criminal attempt of indecent assault of a person less than 16 years of age.  (Doc. 3 at 2 (citing Commonwealth v. Vaughn, No. CP-28-CR-0001395-2016 (Ct. Com. Pl. Franklin Cty. 2016))).  Judge Schwab also noted that, at the time of her report, trial in the 2016 criminal matter was scheduled for the March 2017 trial term.  (Id.)

      Judge Schwab performed a thorough interpretation and analysis of the habeas petition and its attachments.  In her report, she determined that, while the petition raised a number of disjointed and underdeveloped claims—claims that include issues regarding the 2016 warrant, the assistant district attorney's competency, Miranda warnings, inadequate medical treatment, denial of access to the courts, improper waiver of arraignment, insufficient law library access, unfair bail determinations, discrimination, and Sixth Amendment counsel rights—Petitioner's habeas claim primarily focused on the 2016 detention and asserted that Vaughn was wrongfully imprisoned.  (Doc. 3 at 3-4).

      Accordingly, because the 2016 criminal case was still in the pretrial stages, Judge Schwab construed the § 2254 habeas petition as a petition for writ of habeas corpus under 28 U.S.C. § 2241.  (Id. at 5-6).  She then recommended dismissing the

2

§ 2241 petition due to failure to exhaust state remedies and lack of extraordinary circumstances that would excuse the failure to exhaust. (Id. at 6-9).

Monighan, again acting on behalf of Vaughn, filed objections (Doc. 5) to the report and recommendation, which are even more difficult to understand than the initial habeas petition. Among the numerous objections listed, the substantive objections Monighan seems to assert are that (1) Judge Schwab incorrectly ignored the independent habeas claims raised regarding the 1999 conviction, (id. at 1, 5); (2) Monighan has a right to file the instant habeas petition on Vaughn's behalf not only because he has a power of attorney for Vaughn, but also because he has "Taxpayer" standing, (id. at 5, 8); and (3) Monighan should have the right to subpoena documents and video from Franklin County in support of the instant petition, (id. at 4, 5, 11, 14).

III.	*Standard of Review*

When a party objects to a magistrate judge's report and recommendation, the district court must review de novo the contested portions of the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3. Uncontested portions of the report are reviewed for "clear error on the face of the record." Clouser v. Johnson, 40 F. Supp. 3d 425, 430 (M.D. Pa. 2014) (quoting Cruz v. Chater, 990 F. Supp. 375, 375-78 (M.D. Pa. 1998) (quoting 1983 Advisory Committee Notes to Federal Rule of Civil Procedure 72(b))).

IV.	*Discussion*

Regardless of what habeas claims Monighan is actually attempting to assert on behalf of Vaughn, and regardless of whether the appropriate habeas procedural vehicle is § 2254 or § 2241, the instant petition must be dismissed. It is plainly apparent from the face of the petition that Monighan does not have standing to file a habeas petition on

3

Vaughn's behalf, and therefore this court lacks the power to entertain the petition or grant habeas relief.

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Without requiring an answer from the respondent, the court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" McFarland v. Scott, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 4); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985).

"Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. In order to file a habeas petition on another's behalf, known as a "next friend" habeas petition, one must establish the requisite Article III standing to do so. See Whitmore v. Arkansas, 495 U.S. 149, 161-62 (1990). "Where standing is lacking, the federal courts lack the power to grant habeas relief." In re Zettlemoyer, 53 F.3d 24, 26 (3d Cir. 1995) (citing Demosthenes v. Baal, 495 U.S. 731, 737 (1990)).

"'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." Whitmore, 495 U.S. at 163. Rather, the next friend must provide an adequate justification for why the real party in interest cannot appear on his own behalf to seek habeas relief. Id. Consequently, in order to demonstrate standing and thus jurisdiction, the next friend bears the burden to "clearly establish the propriety of his status." Id. at 164; Zettlemoyer, 53 F.3d at 27.

Here, Monighan has failed to carry his burden. He has not shown that Vaughn—the real party in interest—cannot himself seek habeas relief, and therefore Monighan has not "clearly establish[ed] the propriety of his status" as next friend. Whitmore, 495 U.S. at 164.

First, although the petition states that Monighan has power of attorney for Vaughn, Monighan has not provided a copy of the power of attorney or any other supporting proof of this claim. Even if Monighan were to provide documentary evidence that he holds power of attorney for Vaughn, this fact in itself would be insufficient to establish standing because, although "power of attorney may [confer] certain decision-making rights under state law," it generally does not allow a person to litigate pro se on behalf of another in federal court. In re Radogna, 331 F. App'x 962, 964 (3d Cir. 2009) (nonprecedential) (citing Simon v. Hartford Life, Inc., 546 F.3d 661, 664-65 (9th Cir. 2008)). Federal courts, including those in the Third Circuit, "have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity." Simon, 546 F.3d at 664-65 (collecting cases); see also Liggon-Redding v. Willingboro Township, 351 F. App'x 674, 679 (3d Cir. 2009) (nonprecedential) (finding that, even though wife had power of attorney for husband, she did not have standing to bring a claim on his behalf in a representative capacity on a pro se basis).

More importantly, Monighan fails to establish the propriety of the next friend habeas petition because he has not shown why Vaughn is unable to file a habeas petition on his own behalf. While Monighan alleges that Vaughn is "incommunicado" and in "solitary," Judge Schwab noted that these allegations are belied by the docket sheet in the

2016 criminal matter.[1]  In that case, Vaughn has filed no less than five pro se motions, including a motion for recusal, a motion for technical advanced communication, two motions for electronic discovery, and another motion for discovery that includes multiple requests for copies of other criminal case opinions.  See Commonwealth v. Vaughn, No. CP-28-CR-0001395-2016 (Ct. Com. Pl. Franklin Cty. 2016).  Because Vaughn appears to have access to the courts, it is decidedly unclear that he cannot file a habeas petition on his own behalf.  Consequently, Monighan has not carried his burden to show that he is entitled to "next friend" status.

Finally, Monighan's assertion that he has standing as a taxpayer is meritless. Taxpayer standing—in cases where the taxpayer is not challenging the collection of a specific tax assessment levied on him—is generally prohibited.  Hein v. Freedom From Religion Found., Inc., 551 U.S. 587, 599, 602 (2007).  The Supreme Court of the United States has carved out a very narrow exception that allows taxpayer standing when challenging a Congressional expenditure made pursuant to the Taxing and Spending Clause of the United States Constitution that allegedly violates the Establishment Clause of the First Amendment.  Id. at 602, 609-10.  As this narrow exception is not implicated by the instant habeas petition, taxpayer standing does not apply to Monighan.

V.        *Conclusion*

The court agrees with Judge Schwab that the instant petition for habeas corpus must be dismissed.  It is plainly apparent from the face of the petition that

---

[1] Judicial opinions and docket sheets are public records, of which this court may take judicial notice.  See Zedonis v. Lynch, __ F. Supp. 3d __, 2017 WL 511234, at *3 (M.D. Pa. 2017) (Caldwell, J.) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1197 (3d Cir. 1993) and Dean v. Copozza, No. CIV.A. 13-41, 2013 WL 1787804, at *1 (W.D. Pa. Apr. 10, 2013) ("Pennsylvania's Unified Judicial System provides online access to the docket sheet for criminal cases, and this court may take judicial notice of those dockets.")).

Monighan cannot demonstrate that he is entitled to next friend status, and thus he lacks standing to pursue a habeas claim on Vaughn's behalf. As such, this court has no jurisdiction to entertain the petition, nor can it grant habeas relief in the matter. Accordingly, the petition must be dismissed. An appropriate order will issue.

/s/ William W. Caldwell  
William W. Caldwell  
United States District Judge